United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 16, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30099
Summary Calendar

_____

SHEDRICK NOBLE,

                                        Plaintiff-Appellant,

versus

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,
UNKNOWN PEABODY, Assistant Warden; CATHY ROBERTS, MARIE BOIES,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 03-CV-186-M3
--------------------

Before GARWOOD, JOLLY and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Shedrick Noble, Louisiana prisoner # 83958, appeals the

district court's dismissal of his civil rights complaint under 42

U.S.C. § 1983.  Noble argues that his failure to receive a timely

notification of the Louisiana Supreme Court's denial of his

request for a writ of certiorari cost him the opportunity to

bring a timely appeal and that, because of the defendants'

refusal to provide him with an affidavit indicating that the

notice was not received in the prison mail room, any attempt to

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal at this point will be met with "great opposition," and requiring him to do so "would be fundamentally unfair and a substantial injustice" under the Fourteenth Amendment.

Mere negligence on the part of a prison official does not give rise to a due process claim. Daniels v. Williams, 474 U.S. 327, 332-36 (1986). Furthermore, to the extent that Noble is asserting a denial-of-access-to-the-courts claim, a plaintiff must show an actual injury. See Lewis v. Casey, 518 U.S. 343, 349-52 (1996). Although Noble argues that the defendants' failure to provide an affidavit attesting that they had no record of receiving the supreme court's notice will cause him difficulty in any attempt to appeal his claim, has not shown that he was actually injured by this because he has not yet filed such an appeal. See Lewis, 518 U.S. at 349-52. Accordingly, the district court did not err in dismissing Noble's claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

Noble requests that this court compel the defendants to provide him with the affidavit. However, the remedy sought by Noble is in the nature of mandamus relief, which is not available to federal courts to direct state officials in the performance of their duties and functions. See Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275, 1275-76 (5th Cir. 1973); 28 U.S.C. § 1361.

Noble also argues that throughout his pursuit of the affidavit, he has been met with retaliation by "this

administration." However, he does not address the magistrate judge's determination, which was adopted by the district court, that his retaliation claim was untimely. Because Noble does not identify any error in the district court's dismissal of this claim as untimely, he has abandoned it. See Hughes v. Johnson, 191 F.3d 607, 612-13 (5th Cir. 1999).

Noble's appeal is without arguable merit and is thus frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, we DISMISS his appeal as frivolous. 5TH CIR. R. 42.2. The district court's dismissal of Noble's complaint for failure to state a claim upon which relief may be granted and this court's dismissal constitute two "strikes" under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Noble is WARNED that if he accumulates three "strikes" under 28 U.S.C. § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.