United States Court of Appeals
Fifth Circuit

**F I L E D**

October 24, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-50093
Conference Calendar

_____

KENNETH LANE NEUMAN,

                                        Plaintiff-Appellant,

versus

THOMAS D. BLACKWELL, Honorable; MIKE LYNCH, Honorable,

                                        Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:05-CV-996
---------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Kenneth Lane Neuman, Texas prisoner # 758440, appeals from the district court's order dismissing, without prejudice, his pro se application for a writ of mandamus. In his application, Neuman urged the court to order a Texas state judge, Mike Lynch, to direct the Texas state judge who presided over Neuman's 1998 criminal trial, Thomas Blackwell, to vacate Neuman's conviction and sentence, based on the allegation that Judge Blackwell had not taken the oath of office required by Texas law.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court correctly concluded that it lacked the general power to issue a writ of mandamus to direct a state judicial officer in the performance of his duties when mandamus is the only relief sought.  See Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275, 1275-76 (5th Cir. 1973); Noble v. Cain, 123 F. App'x 151, 152-53 (5th Cir. 2005) (citing Moye).  The court also correctly noted that Neuman had already filed one unsuccessful 28 U.S.C. § 2254 application in the district court and, in this court, an unsuccessful motion for authorization to file a successive § 2254 application.  Contrary to Neuman's suggestion, the All Writs Act, 28 U.S.C. § 1651(a), does not provide an independent basis for mandamus jurisdiction.  See In re Grand Jury Proceedings, 724 F.2d 1157, 1160 (5th Cir. 1984).

Neuman's unauthorized mandamus application amounted only to an effort to avoid statutory restrictions to filing successive collateral attacks upon convictions and sentences.  The appeal is without arguable merit, is frivolous, and is therefore dismissed.  See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.  Because Neuman has raised the oath-of-office claim in prior attempts to avoid such statutory restrictions, he is hereby warned that any future filings of frivolous pleadings may subject him to sanctions, which may include monetary sanctions or restrictions on filing further pleadings, or both.

APPEAL DISMISSED; SANCTION WARNING ISSUED.