# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 9, 2012

No. 12-20054

Lyle W. Cayce
Clerk

In re: MARCUM L.L.P.,

Petitioner

Petition for a Writ of Mandamus to the
Southern District of Texas, Houston

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:

Petitioner Marcum L.L.P. ("Marcum") has filed an Emergency Motion for Stay or Alternative Petition for Writ of Mandamus, which arises out of Marcum's services as an expert in the trial of Allen Stanford, *United States v. Stanford*, 4:09-cr-342 (S.D. Tex.). Marcum agreed that it would be paid for its services as provided under the Criminal Justice Act, 18 U.S.C. § 3006A ("CJA"), which allows, *inter alia*, for the appointment of professionals to provide "investigative, expert, or other services necessary for adequate representation . . . ." § 3006A(e)(1). Under the CJA, payments to experts above $2,400 must be certified by the district court in which services were rendered, and approved "by the chief judge of the circuit." § 3006A(e)(3). This procedure applied in this case because Marcum's requested compensation well exceeded the $2,400 threshold.

Marcum seeks appellate review of Chief Judge Edith H. Jones's Service Provider Continuity and Payment Order (the "Order"), which was issued after Marcum submitted a letter of resignation on December 30, 2011. The Order

No. 12-20054

approved partial payment of Marcum's fees that were previously certified by the district court, and also directed Marcum "to continue work on the case as previously planned, including the provision of testifying experts, through the end of trial, and, if required by counsel, through the conclusion of the case in the district court." Marcum appeals only this second part of the Order, and seeks either a stay pending appeal or a writ of mandamus.[1]

We are without jurisdiction to consider this appeal. The Chief Judge's Order is neither a "final decision[] of the district court[]" under 28 U.S.C. § 1291, nor an appealable interlocutory district court order under 28 U.S.C. § 1292, but rather an order issued pursuant to the Chief Judge's authority under the CJA. 18 U.S.C. § 3006A(e)(3).  As the Seventh Circuit in *United States v. D'Andrea*, 612 F.2d 1386 (7th Cir. 1980), has explained:

> The Criminal Justice Act is silent on the availability of judicial review . . . of the decision by the chief judge of the circuit denying approval of the full amount certified by the court in which the representation was rendered. . . .
>
> [W]hen the chief judge of the circuit has approved compensation or reimbursement less than that amount certified by the court in which the representation was rendered, counsel may request reconsideration by motion. However, this motion is addressed solely to the chief judge. Upon disposition of the request for the chief judge to review his decision, further review of the chief judge's decision is not available from this Court and any counsel's further remedy lies in a mandamus action in the United States Supreme Court.

*Id.* at 1387-88.[2] Other courts agree. *See United States v. Obasi*, 435 F.3d 847, 852 (8th Cir. 2006) ("[A] determination by the chief circuit judge [under the CJA] can

---

[1] Marcum also filed a motion for reconsideration with the Chief Judge, which she has denied.

[2] Although *D'Andrea* arose out of an attorney's appeal following the disallowance of a portion of his claimed compensation under 18 U.S.C. § 3006A(d)(3), the excess attorney compensation procedure under 18 U.S.C. § 3006A(d)(3) is analogous to the procedure for excess expert compensation under Section 3006A(e)(3).

only be challenged by seeking reconsideration or mandamus in the Supreme Court."); *United States v. Johnson*, 391 F.3d 946, 949 (8th Cir. 2004) ("The chief judge's decision [under Section 3006A(e)(3)] is . . . an administrative decision that is beyond our jurisdiction. We conclude that a request for reconsideration of the chief judge's decision can be addressed only to the chief judge, and if denied, the only possible remedy is a mandamus action in the United States Supreme Court.") (internal quotation marks and citation omitted); *see also United States v. Stone*, 53 F.3d 141, 143 (6th Cir. 1995) ("We . . . hold that § 3006A fee determinations are not appealable orders.").

Although Marcum challenges the Order only insofar as the Order directs Marcum to "continue work on the case as previously planned" through the trial, and does not appeal the actual amount of funds awarded, the Order has nevertheless been issued pursuant to the Chief Judge's authority under the CJA. As such, we have no jurisdiction to consider its merits. Whether the Chief Judge erred in issuing such an order can be resolved, if at all, only by the Supreme Court.[3]

Marcum alternatively contends that we should treat its motion as a petition for writ of mandamus. Although it is true that an appellate court has the authority to enter mandamus under the All Writs Act, 28 U.S.C. § 1651, the exercise of that authority requires some independent basis of jurisdiction. *See Clinton v. Goldsmith*, 526 U.S. 529, 534 (1999) ("While the All Writs Act authorizes employment of extraordinary writs, it confines the authority to the issuance of process 'in aid of' the issuing court's jurisdiction."); *Neuman v. Blackwell*, 204 F. App'x 348, 349 (5th Cir. 2006) ("[T]he All Writs Act . . . does

---

[3] Marcum has filed in the Supreme Court both a petition for writ of mandamus and an application for a stay of the Order. The application for a stay has been denied, and the petition remains pending. We observe that Marcum's petition in fact recognizes that the Chief Judge's Order is "not subject to review in a court of appeals," a position which is inconsistent with that taken before this panel.

not provide an independent basis for mandamus jurisdiction."). Marcum fails to identify a jurisdictional basis for a writ of mandamus or even an Article III controversy. *See Stone*, 53 F.3d at 143 (characterizing a fee determination under the CJA as a non-adversarial administrative act).

Moreover, the writ of mandamus has traditionally been used only "'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (quoting *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943)). The Order is most certainly not a decision of an "inferior court." We have located no authority, nor has Marcum directed us to any, that would allow this panel to issue a writ of mandamus with respect to the Order. In fact, the only relevant authority suggests that mandamus would be improper. *See D'Andrea*, 612 F.2d at 1388 ("We cannot conclude that [the chief judge's] duty [under 18 U.S.C. § 3006A(d)(3)] is solely ministerial and therefore conclude that review of the decision of the chief judge to authorize reimbursement in excess of the statutory maximum can be accomplished only by way of mandamus by the Supreme Court."). Therefore, we conclude that we have no jurisdictional basis upon which to issue a writ of mandamus.

For these reasons, Marcum's Emergency Motion for Stay and Alternative Petition for Writ of Mandamus is DISMISSED FOR LACK OF JURISDICTION.

Marcum's Motion for Leave to File CJA Documents Under Seal is GRANTED.

4