# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10889
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 23, 2018

Lyle W. Cayce
Clerk

JARENE FLETCHER,

Petitioner-Appellant

v.

COURT OF CRIMINAL APPEALS OF TEXAS,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CV-543

Before ELROD, HAYNES, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Jarene Fletcher, Texas prisoner # 821460, moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his petition for a writ of mandamus, seeking to compel the Texas Court of Criminal Appeals to direct the clerk of the 323rd Judicial District Court to file Fletcher's habeas corpus proceeding in the juvenile court in that district. By moving to proceed IFP, Fletcher is challenging the district court's certification that his appeal was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10889

not taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

This court has the authority to enter mandamus under the All Writs Act. 28 U.S.C. § 1651(a); *see In re Marcum L.L.P.*, 670 F.3d 636, 639 (5th Cir. 2012). However, "a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, DeKalb County Super. Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973). Thus, the district court correctly determined that it does not have the authority to provide the relief that Fletcher requests.

Fletcher's appeal is without arguable merit and is frivolous. *See Howard*, 707 F.2d at 219-20. Accordingly, we deny the IFP motion and dismiss the appeal as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

IFP MOTION DENIED; APPEAL DISMISSED.